MARY FOURNIER & another *vs.* THOMAS E. McGLEW.

Essex. March 11, 1932. — June 28, 1932.

Present: RUGG, C.J., CROSBY, WAIT, & FIELD, JJ.

*Trustee Process. Practice, Civil,* Service of process. *Insurance,* Foreign insurance company. *Corporation,* Foreign.

Service upon a foreign insurance company transacting business in this Commonwealth, summoned as trustee in an action by trustee process, was proper, even though the defendant was not an employee of the company, if made within the provisions of G. L. c. 223, § 39, upon an agent of the company, who was licensed as such in the Commonwealth,

lived in the county where the writ was returnable, had authority to issue policies and bind risks for the company, had control over or superintendence of subordinate agents of the company, and issued the policy, liability under which was sought to be enforced by means of the action in which the writ was issued.

CONTRACT. Writ dated February 25, 1928.

To rulings by *Brown*, J., in the Superior Court, upon motions and an answer raising the question as to the propriety of service upon an alleged trustee, and to his order abating the writ, the plaintiffs alleged exceptions.

The case was submitted on briefs.

*R. E. Burke & E. E. Crawshaw,* for the plaintiffs.

*C. T. Cottrell,* for Prudential Insurance Company of America.

CROSBY, J. This is an action of contract, brought by trustee process under G. L. c. 246, wherein the Prudential Insurance Company of America is alleged to be trustee of credits of the principal defendant. The alleged trustee appeared specially and filed a motion to dismiss the action as to it for want of proper service, a motion for discharge denying the jurisdiction of the court, and an answer in abatement denying the jurisdiction of the court and representing that no sufficient service was made upon it. The plaintiffs and the alleged trustee submitted a written statement of agreed facts upon which the trustee's motion to dismiss and answer in abatement were to be heard and disposed of.

That statement is as follows: Edward J. Pritchard, upon whom the writ was served as appears by the officer's return thereon, was at the time of the service "an agent of the Company licensed as such in the Commonwealth, who, having authority to issue policies and bind risks for the Company, has issued the policy, the liability on which is sought to be enforced . . ." within the terms of G. L. c. 223, § 39. The alleged trustee is and was at the time of the service of the writ a "foreign insurance company transacting business in this Commonwealth." The writ is in the proper venue. The foregoing facts are agreed upon and admitted for the purpose of the hearing and dis-

position of the trustee's motion to dismiss and answer in abatement only. Edward J. Pritchard, upon whom the writ was served, was at the time of the service an agent of the company such as is described in G. L. c. 223, § 39, namely, an "agent who lives or has his usual place of business in the county and has control over or superintendence of subordinate agents of the company." The defendant Thomas E. McGlew at the time this suit was brought was not an employee of the alleged trustee within the meaning of St. 1921, c. 486, § 37, relating to a trustee process where the defendant is an employee of the trustee company.

The plaintiffs requested the trial judge to make the following rulings: (1) Upon the agreed statement of facts and the record it appears that due and sufficient service of the plaintiffs' writ was made upon the alleged trustee; (2) It appears from the record and written statement of agreed facts that the alleged trustee has been brought within the jurisdiction of the court in this case, and may properly be held to answer as such trustee; and (3) Upon all the facts, service was made upon the alleged trustee in accordance with the provisions of G. L. c. 223, § 39. The judge denied the trustee's motion to dismiss as to it, sustained its answer in abatement, and allowed the motion for its discharge. The plaintiffs excepted to these rulings, and to the refusal to make the rulings requested by them.

The only question presented by the record is whether a trustee writ is properly served on a foreign insurance company as trustee when it is served in the manner provided in G. L. c. 223, § 39. It is the contention of the alleged trustee that the service on it was insufficient upon the facts shown, and could be properly made by service upon the insurance company only as provided in G. L. c. 175, § 151, Third. The decision of the question depends upon the proper interpretation to be given to the statutes regulating the service of writs brought by trustee process where a foreign insurance company is summoned to appear as trustee.

G. L. c. 175 bears the title "Insurance." Section 151 provides that "No foreign company shall be admitted and

authorized to do business until . . . Third, It has filed with the commissioner a power of attorney constituting and appointing the commissioner or his successor its true and lawful attorney, upon whom all lawful processes in any action or legal proceeding against it may be served, and therein shall agree that any lawful process against it which may be served upon its said attorney shall be of the same force and validity as if served on the company . . . . The service of such process shall be made by leaving the same in duplicate in the hands or office of the commissioner. One of the duplicates of such process, certified by the commissioner as having been served upon him, shall be deemed sufficient evidence thereof, and service upon such attorney shall be deemed service upon the principal." G. L. c. 246, § 5, reads as follows: "Trustee writs shall be served by copy on each trustee and on the defendant. In other respects service upon trustees and defendants shall be in the manner provided by chapter two hundred and twenty-three . . . ." Section 6 of the same chapter as amended by St. 1921, c. 486, § 37, provides: "When a foreign corporation having a usual place of business in the Commonwealth is summoned as trustee in an action against one of its employees, service of the writ may be made as provided in section thirty-eight or thirty-nine of chapter two hundred and twenty-three, or upon any paymaster or other officer or agent of the corporation whose duty it is to pay such employee, and such service shall be as binding upon the corporation as if it had been made upon the commissioner of corporations and taxation or the commissioner of insurance."

G. L. c. 223, § 37, as amended by St. 1926, c. 255, provides in part that "In an action against a domestic corporation other than those mentioned heretofore in this section, service shall be made upon the president, treasurer, clerk, cashier, secretary, agent or other officer in charge of its business, or, if no such officer is found within the county, upon any member of the corporation." Sections 38 and 39 of the same chapter are: "38. In an action against a foreign corporation, except an insurance company, which

has a usual place of business in the Commonwealth, or, with or without such usual place of business, is engaged in or soliciting business in the Commonwealth, permanently or temporarily, service may be made in accordance with the provisions of the preceding section relative to service on domestic corporations in general, instead of upon the commissioner of corporations and taxation under section three of chapter one hundred and eighty-one." "39. In an action against a foreign insurance company transacting business in this Commonwealth, service may be made upon an agent of the company, licensed as such in the Commonwealth, who, having authority to issue policies and bind risks for the company, has issued the policy the liability on which is sought to be enforced, or an agent who lives or has his usual place of business in the county and has control over or superintendence of subordinate agents of the company, instead of on the commissioner of insurance under clause third of section one hundred and fifty-one of chapter one hundred and seventy-five."

The alleged trustee's contention is that the provision for service in G. L. c. 223, § 39, applies only to a case wherein the foreign insurance company is the principal defendant, and that service as provided in that section is not applicable where it is sought to charge the company only as trustee. Such a contention disregards or overlooks the reference in G. L. c. 246, § 5, as to the manner in which trustee process shall be served. The reference in § 5 is plainly to the effect that the manner of service of trustee writs on trustees and defendants "shall be in the manner provided by chapter two hundred and twenty-three," one of which methods is that in § 39 for service on foreign insurance companies. If this reference in § 5 is to have any significance so far as the method of service is concerned, it must mean that service shall be had upon a trustee in the same manner as if it were being served with process in an action brought against it as a principal defendant. It cannot rightly be contended that under § 37 as to service on domestic corporations, and § 38 relating to service on foreign corporations, except insurance companies, a trustee writ could not

be served, and yet in these cases the designation of such manner of service must be by virtue of the reference in G. L. c. 246, § 5. But § 39 as to service on foreign insurance companies is not excluded from the reference and nothing appears which would require the conclusion that the Legislature did not intend that the method of service on foreign insurance companies provided in § 39 should not apply to cases where it is sought to serve them as trustee. An examination of the earlier statutes providing for the service of trustee process shows that this is the meaning of the reference in G. L. c. 246, § 5. See Rev. Sts. c. 109, § 8; Gen. Sts. c. 142, § 5; Pub. Sts. c. 183, § 6. R. L. c. 189, § 5, provided that "An attachment of the goods and estate of the defendant in his own hands and possession, if any, upon a trustee writ shall be made in the manner provided in chapter one hundred and sixty-seven and the writ shall be further served upon each of the trustees and upon the defendant in the manner provided for the service of an original summons without an attachment." It seems obvious from the provisions of earlier statutes now contained in G. L. c. 246, § 5, that no particular form of service was required for the service of a trustee writ on the party sought to be charged as trustee, but that service was to be made in the usual manner as if the trustee were being served as a principal defendant. In view of that fact a restriction of the service provided in § 39 would be not only contrary to the express reference in said c. 246, but a distinction which is not in accord with earlier provisions as to the manner of service of trustee process. The fact that § 39 begins with the words "In an action against" does not by implication exclude the alleged trustee. The identical language appears in §§ 37 and 38. The whole question depends on the reference in § 5 of said c. 246. The meaning of the provision cannot reasonably be doubted. It is plain that trustee process in which a foreign insurance company is sought to be charged as trustee is properly served in the manner provided by G. L. c. 223, § 39. A contrary result could arise only under G. L. c. 246, § 6, which provides: "When a foreign corporation having a

usual place of business in the Commonwealth is summoned as trustee in an action against one of its employees, service of the writ may be made as provided in section thirty-eight of chapter two hundred and twenty-three, or upon any paymaster or other officer or agent of the corporation whose duty it is to pay such employee, and such service shall be as binding upon the corporation as if it had been made upon the commissioner of corporations and taxation." By an amendment (St. 1921, c. 486, § 37), a reference is likewise made to § 39 of said c. 223.

The provision in G. L. c. 246, § 6, for service upon a foreign corporation as trustee in an action against an employee was first enacted by St. 1911, c. 70, and it provided for service "upon any paymaster or other officer or agent of the corporation whose duty it is to pay such employee, and such service shall be as binding upon the corporation as if it had been made upon the commissioner of corporations." At the time this statute was enacted a foreign corporation could be served as trustee by virtue of St. 1906, c. 269, by service "upon the treasurer or other officer of such corporation." In the table of disposition of statutes in the General Laws, St. 1906, c. 269, refers to G. L. c. 246, § 5. But without this express provision in St. 1906, c. 269, it is plain that under R. L. c. 189, § 5, service of a writ on a foreign corporation when sought to be charged as trustee would have been proper in the manner provided by St. 1907, c. 332, and St. 1913, c. 257. Hence before the enactment of St. 1911, c. 70, now G. L. c. 246, § 6, a foreign corporation could be served as trustee by service on the treasurer or other officer of the corporation in the same manner in which a domestic corporation could be served. The purpose of this last named statute was to provide an additional method of service of trustee process on foreign corporations in a particular case. The reason for the reference in § 6, as amended by St. 1921, c. 486, § 37, to G. L. c. 223, §§ 38 and 39, evidently was to prevent the possible construction that where a foreign corporation was sought to be charged as trustee in an action against an employee, service could not be made in the manner provided in other

trustee process cases as provided in § 5.   Section 6 does not restrict the service of trustee process generally or the manner of such service as provided in § 5.

As proper service of the writ was made upon the trustee under G. L. c. 223, § 39, it follows that the order quashing the writ and discharging the trustee was erroneous.

*Exceptions sustained.*